# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KIMBERLY D. EDWARDS**                                                                 **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 3:19CV82-HTW-LRA**

**HI-TECH PHARMACEUTICALS INC.**                                               **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On January 31, 2019, Kimberly D. Edwards [hereinafter "Plaintiff" or "Edwards"] filed a Complaint in the above styled cause against Defendant Hi-Tech Pharmaceuticals, Inc., in Norcross, Georgia, claiming that it produced a medication that harmed her. Plaintiff never paid the filing fees in this case, nor did she file an application to proceed *in forma pauperis*. On June 18, 2019, the undersigned entered an Order to Show Cause [2] directing Plaintiff to pay her filing fees assessed by the Clerk of the Court and to cause process to be issued and served on or before **July 12, 2019**. Plaintiff was warned that her Complaint would be dismissed without prejudice if she failed to comply with the Order before July 12, 2019. Plaintiff has not responded to the Order, although over a month has passed since her deadline to respond expired. Nearly seven months have passed since Plaintiff mailed her Complaint to this Court, but she has failed to follow the rules regarding payment of fees and service of process.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute her case by not having paid her filing fees and by not causing

process to be served within 90 days after filing the Complaint. Additionally, she has failed to respond to this Court's Order to Show Cause.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  ...

As stated, Plaintiff filed this case on January 31, 2019, nearly seven months ago. The time period for serving process originally expired on or about April 31, 2019, 90 days after the Complaint was filed. Plaintiff has made no request for additional time to serve process, nor did she respond to the Order to Show Cause. She has not asked for *in forma pauperis* status in this case, nor has she paid the required filing fees.

This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b).

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of August 2019.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE